*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* D. A. ROYSTER, Minor.

UNPUBLISHED
February 10, 2025
11:19 AM

No. 370538
Wayne Circuit Court
Family Division
LC No. 2023-000582-NA

Before: BOONSTRA, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating his parental rights to his minor child, DAR. Respondent's parental rights were terminated under MCL 712A.19b(3)(b)(*i*) (parent's act caused physical injury); (j) (reasonable likelihood the child will be harmed if returned to parent); and (k)(*iii*) (parent abused child and reasonable likelihood child would suffer severe physical abuse if returned). Finding no error in the trial court's decision to terminate respondent's parental rights, we affirm.

## I. BACKGROUND

This matter began in February 2023, when Children's Protective Services (CPS) received a referral alleging DAR presented to the hospital after suffering a seizure. DAR's mother, T. Wade (Wade), reported DAR was in respondent's care when respondent informed her that DAR fell off the bed. A medical examination confirmed DAR's injuries were consistent with nonaccidental abusive head trauma (AHT) rather than an accidental fall from the bed. At respondent's adjudication, petitioner, the Department of Health and Human Services (DHHS), requested termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (j), and (k)(*iii*). The trial court held reasonable efforts at reunification were not required because of the aggravated circumstances of DAR's abuse, under MCL 722.638(1) and (2). The trial court found statutory grounds to terminate respondent's parental rights. At a subsequent hearing, the trial court found it was in DAR's best interests to terminate respondent's parental rights. This appeal followed.

-1-

## II. STATUTORY GROUNDS

Respondent argues the trial court erred when it found statutory grounds to terminate his parental rights. We disagree.

### A. STANDARD OF REVIEW

We review "for clear error the trial court's finding that there are statutory grounds for termination of a respondent's parental rights." *In re Atchley*, 341 Mich App 332, 343; 990 NW2d 685 (2022). "A finding . . . is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed . . . ." *In re Mota*, 334 Mich App 300, 320; 964 NW2d 881 (2020) (quotation marks and citation omitted; alterations in original). "When applying the clear-error standard in parental termination cases, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Id.* (quotation marks and citation omitted).

### B. ANALYSIS

"To terminate parental rights, the trial court must find that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been proved by clear and convincing evidence." *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (quotation marks and citation omitted). Importantly, the clear and convincing evidence standard is "the most demanding standard applied in civil cases[.]" *Id.* (alteration in original; quotation marks and citation omitted).

> At the termination hearing, the trial court, in rendering its termination decision under MCL 712A.19b, may take into consideration any evidence that had been properly introduced and admitted at the adjudication trial, MCR 3.997(E), along with any additional relevant and material evidence that is received by the court at the termination hearing, MCR 3.997(H). [*In re Mota*, 334 Mich App at 316.]

The trial court found statutory grounds for terminating respondent's parental rights were established under MCL 712A.19b(3)(b)(*i*), (j), and (k)(*iii*), which authorize termination under the following circumstances:

> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:
>
>> (*i*) The parent's act caused the physical injury or physical or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.
>
> * * *
>
> (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent.

* * *

(k) The parent abused the child or a sibling of the child, the abuse included 1 or more of the following, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent:

* * *

(*iii*) Battering, torture, or other severe physical abuse.

In terms of MCL 712A.19b(3)(b)(*i*), the trial court's finding respondent abused DAR was supported by clear and convincing evidence. Respondent was DAR's caregiver for several days while Wade was out of town. Respondent told Wade DAR fell off the bed, and, although DAR appeared uninjured, he later suffered a seizure. Wade brought DAR to the hospital with a severe brain injury, as indicated by blood seen on brain scans, retinal hemorrhaging, and an injury on his cervical spine. DAR's injuries required neurosurgeons to implant a shunt to drain blood from his brain. Dr. Bradley Norat, an expert in child abuse, explained DAR's brain injuries could not have resulted from any remote trauma suffered from an alleged fall off the bed, as reported by respondent. Dr. Norat concluded DAR's injuries resulted from abuse suffered while in respondent's care. On the basis of this evidence, the trial court did not clearly err when it found respondent caused DAR's injuries and there was a reasonable likelihood of injury in the foreseeable future. MCL 712A.19b(3)(b)(*i*).

Further, respondent's argument that there was an absence of direct evidence that he perpetrated DAR's injuries lacks merit. This Court has held termination under MCL 712A.19b(3)(b)(*i*) "is permissible even in the absence of definitive evidence regarding the identity of the perpetrator when the evidence does show that the respondent . . . must have either caused or failed to prevent the child's injuries." *In re Ellis*, 294 Mich App 30, 35-36; 817 NW2d 111 (2011). Because DAR suffered nonaccidental injuries while in respondent's care, there was clear and convincing evidence to establish statutory grounds for termination under MCL 712A.19b(3)(b)(*i*). We affirm.[1]

### III. PERMANENT CUSTODY

Next, respondent argues the trial court erred when it took permanent custody of DAR. Respondent's argument related to this issue is cursory. "A party may not merely announce a position and leave it to this Court to discover and rationalize the basis for the claim." *Southfield Educ Ass'n v Bd of Educ of Southfield Pub Schs*, 320 Mich App 353, 379; 909 NW2d 1 (2017)

---

[1] Because termination was proper under MCL 712A.19b(3)(b)(*i*), it is not necessary for this Court to consider the additional grounds on which the trial court based its decision. See *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009) (noting DHHS need only establish one statutory ground for termination). Moreover, because of the aggravated circumstances presented here, under MCL 722.638(1) and (2), the court need not offer reasonable reunification services prior to termination.

(quotation marks and citation omitted). "[W]here a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned." *Id*. (quotation marks and citation omitted; alteration in original). Because respondent simply announced his position and failed to cite supporting legal authority, we consider this issue abandoned. *Id*.

## IV.  BEST INTERESTS

Lastly, respondent argues it was not in DAR's best interests to terminate respondent's parental rights. We disagree.

## A.  STANDARD OF REVIEW

This Court reviews "for clear error the trial court's determination regarding the child[]'s best interests." *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). "A finding . . . is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed . . . ." *In re Mota*, 334 Mich App at 320 (quotation marks and citation omitted; alterations in original). "When applying the clear-error standard in parental termination cases, regard is to be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Id*. (quotation marks and citation omitted).

## B.  ANALYSIS

"The trial court must order the parent's rights terminated if [DHHS] has established a statutory ground for termination by clear and convincing evidence and it finds from a preponderance of the evidence on the whole record that termination is in the children's best interests." *In re White*, 303 Mich App at 713. "The trial court should weigh all the evidence available to determine the children's best interests." *Id*. "The focus at the best-interest stage has always been on the child, not the parent." *In re Atchley*, 341 Mich App at 346 (quotation marks and citation omitted). When determining best interests,

> the court should consider a wide variety of factors that may include the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App at 713-714 (quotation marks and citations omitted).]

The record supports that respondent and DAR were bonded. Although DAR and respondent shared a bond, the parent-child bond is only one factor for the trial court to consider. *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012).

Respondent refused to explain, or take responsibility, for why DAR originally "came into care." The only explanation respondent provided was "[w]hen [DAR] went into care [at the hospital], he was with his [m]om, and prior to that he had fallen [off the bed]."

The trial court noted Dr. Norat "indicated that these are nonaccidental injuries. This is not a child falling off a bed." "And the testimony that I heard . . . led me to conclude that these injuries occurred when the child was in [respondent's] care . . . this is not an accident . . . ."

DAR suffered serious injuries while in respondent's care. Respondent was uncooperative with the DHHS investigation by refusing to answer questions regarding DAR's injuries. His explanation for DAR's injuries was incongruent with the medical diagnosis. This abuse amounted to aggravating circumstances under MCL 722.638(1) and (2). Respondent did not provide DHHS with verification of income, or allow a home assessment. "Given respondent's [physical] abuse of [DAR], it was not clearly erroneous to conclude that termination was in [his] best interests." *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016).

Meanwhile, DAR was doing well in his placement. He was meeting his developmental milestones and receiving continued medical care. Given these facts, the record supports the trial court did not err when it found termination was in DAR's best interests, and we affirm.

## V. CONCLUSION

We find no error in trial court's decision to terminate respondent's parental rights. Affirmed.

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young